IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2129-FL

| | | |
|---|---|---|
| KEITH V. HARNED, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SARA REVELL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion to dismiss, or in the alternative, motion to transfer case (DE # 8). Also before the court is petitioner's motion for summary judgment (DE # 12). The issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss and denies petitioner's motion for summary judgment as moot.

## STATEMENT OF THE CASE

Petitioner was convicted in the United States District Court for the Middle District of Georgia of conspiracy to defraud, mail fraud, wire fraud, securities fraud, and conspiracy to launder monetary instruments. (Pet. 1.) On April 4, 2002, petitioner was sentenced to a term of two hundred and ten (210) months imprisonment, three years supervised release, and a payment of restitution in the amount of two million one hundred fifty-seven thousand seven hundred and seventy-six dollars and six cents ($2,157,776.06). (Mem. Supp. Pet. 2.)

Following his conviction, petitioner filed an appeal to the Eleventh Circuit Court of Appeals. United States v. Cawthon, 77 F. App'x 507 (11th Cir. Aug. 6, 2003) (unpublished table decision).

The court vacated petitioner's sentence finding that the district court plainly erred by failing to specifically determine beyond a reasonable doubt the object of petitioner's conspiracy. See United States v. Lindsey, 200 F. App'x 902, 904-05 (11th Cir. Oct. 13, 2006) (unpublished). The Eleventh Circuit found that because this determination was crucial to the determination of the appropriate sentence, the action must be remanded for resentencing. Id. at 905.

On December 4, 2003, the district court resentenced petitioner to the same sentence he received at his original sentencing proceeding. Id. Petitioner again appealed his conviction and sentence. Id. On October 13, 2006, the Eleventh Circuit Court of Appeals affirmed petitioner's conviction and new sentence. Id. Petitioner then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on October 15, 2007. Harned v. United States, 552 U.S. 974 (2007).

On April 19, 2007, petitioner filed a motion to correct his amended judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure. (Mem. Supp. Pet. 5.) In his Rule 36 motion, petitioner requested that the sentencing court correct his written judgment to reflect the terms of an alleged oral judgment. (Id.) Petitioner's Rule 36 motion was denied. (Id. 6.) The sentencing court reasoned that the requested correction was not a clerical error, and therefore was not appropriate pursuant to Rule 36. (Id.)

On May 29, 2007, petitioner filed a second Rule 36 motion, which was denied the same day. (Id.) On June 5, 2007, petitioner filed a motion for reconsideration, which was summarily denied. (Id. 7.) Petitioner then filed a notice of appeal. (Id.) The Eleventh Circuit dismissed petitioner's appeal on January 28, 2009. (Id.)

2

In the interim, on October, 21, 2008, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Middle District of Georgia. (Pet. 3.) In a supplemental pleading, petitioner alleged, *inter alia*, that he received ineffective assistance of counsel because his attorney failed to move the court to correct the conflict between the sentence orally imposed and the amended judgment. See Harned v. United States, 7:00-cr-12-WLS (M.D. Ga. filed, Oct. 21, 2008). Petitioner's § 2255 motion still is pending. Id.

On October 1, 2009, petitioner filed this action pursuant to 28 U.S.C. § 2241. In his petition, petitioner alleges that his written judgment should be altered to reflect terms that were allegedly orally imposed at his sentencing. Respondent filed a motion to dismiss, or in the alternative, to transfer on February 19, 2010, arguing for dismissal on grounds that petitioner's claim should have been brought pursuant to 28 U.S.C. § 2255, rather than § 2241. Alternatively, respondent argues that petitioner's petition should be transferred to the United States District Court for the Middle District of Georgia. Petitioner filed a response on March 9, 2010. Then, on March, 24, 2010, petitioner filed a motion for summary judgment. Respondent filed a response on April 12, 2010, and petitioner thereafter filed a reply.

## DISCUSSION

A.  Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). It is not necessary, however, for the moving party to

3

demonstrate that there is no set of facts that would entitle the non-moving party to relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

B.   Analysis

Although petitioner filed this claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

In In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. The court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

4

Id. at 333-34.

Petitioner argues that there is a conflict between his written judgment and oral judgment. Petitioner requests that this court correct his judgment to reflect the terms of his alleged oral judgment. This claim does not satisfy the second prong of the Jones test because the substantive law has not changed so that his conduct no longer is criminal. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

In response to respondent's motion for summary judgment, petitioner argues that § 2255 is not the appropriate method of challenging the language of his judgment. Rather, petitioner argues that it is more appropriate for him to proceed with a § 2241 petition because he is attacking the execution of his sentence. However, the Fourth Circuit Court of Appeals has stated that the proper remedy for any conflict between a written order and an oral sentence is for the district court to correct it. See United States v. Morse, 344 F.2d 27, 30-31 (4th Cir. 1965); Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962). Moreover, petitioner has raised the instant issue in his § 2255 petition, which currently is pending in the United States District Court for the Middle District of Georgia. See Harned v. United States, No. 7:00-cr-12-WLS (M.D. Ga. filed, Oct. 21, 2008) (unpublished). Thus, petitioner's challenge to his sentence should be pursued in a § 2255 petition. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

The court cannot convert this § 2241 petition into a § 2255 petition because, as stated, petitioner previously has filed such a habeas action in the United States District Court for the Middle District of Georgia. In fact, petitioner's petition still is pending in the Middle District of Georgia.

5

Additionally, the court notes that this court would not have jurisdiction to hear petitioner's claim pursuant to § 2255 because he was sentenced in the United States District Court for the Middle District of Georgia. A prisoner wishing to challenge his conviction pursuant to § 2255 must file his petition in the court that imposed the sentence. See 28 U.S.C. § 2255. Accordingly, petitioner may not proceed with a § 2255 petition in this court.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 8) is GRANTED, and the action is DISMISSED without prejudice. Consequently, petitioner's motion for summary judgment (DE # 12) is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 1st day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge